

Austin | Charlotte | Dallas | Fort Worth | Houston | New York | San Antonio | The Woodlands

2728 N. Harwood Street
Suite 500
Dallas, TX  75201

214.745.5400  OFFICE
214.745.5390  FAX
winstead.com

Jamie H. McDole
direct dial:  214-745-5154
jmcdole@winstead.com

July 8, 2025

**VIA ECF**
Jarrett B. Perlow
Circuit Executive and Clerk of Court for the
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

    Re:   *Magēmā Technology LLC v. Phillips 66, et al.*, No. 2024-1342
           Response to Appellee's Notice of Supplemental Authority

Dear Mr. Perlow:

    Under Fed.R.App.P 28(j), Appellant Magēmā Technology ("Magēmā") submits this Response to Phillips' belated Notice of Supplemental Authority (ECF 51).

    *First*, Phillips' belated Notice (filed the day before the Independence Day holiday weekend) is an improper attempt to present new arguments based on existing case law that it could have cited in its response.  *See, e.g., Hall v. Shinseki*, 717 F.3d 1369, 1373 n.4 (Fed. Cir. 2013); *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1335 (Fed. Cir. 1998).

    *Second*, Phillips is incorrect. As Magēmā argued in its opening brief, the district court's denial of Phillips' JMOL on infringement (in contrast to taking Phillips's JMOL of willful infringement under advisement) is indicative of the view it expressed in its post-trial order: Magēmā presented sufficient evidence of infringement. (*E.g.*, ECF 21 at 42-47.)  Indeed, the district court's post-trial order consistently found each side provided competing evidence relating to the infringement elements Phillips challenged. (Appx. 00098-106.)

    *Finally*, Phillips' argument is at odds with this Court's holding in *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333 (Fed. Cir. 2025) (en banc) ("Ex. A"). When faced with the question of the effect of prejudicial error on a jury's verdict, the en banc Court in *EcoFactor* held: "A harmless or prejudicial

Jarret B. Perlow, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
July 8, 2025

error analysis, however, ***is not*** a sufficiency of the evidence analysis." (Ex. A at 22 (emphasis added).) In other words, if the district court commits prejudicial error—as it did here—the sufficiency of the evidence is of no moment. The en banc Court required a new trial because it could not "be sure 'that the error did not influence the jury or had but a very slight effect on its verdict.'" *Id.* (citing *Carlson v Bioremedi v. Therapeutic Sys., Inc.*, 822 F.3d 194, 202 (5th Cir. 2016)).

In this case, the district court *affirmatively found prejudice* to Magēmā resulting from Phillips' improper "actual testing" arguments, yet refused to grant Magēmā's motion for new trial. (ECF 26 at 40-42; *see also* Appx. 00111-12.) As in *EcoFactor*, this Court should reverse and remand for a new trial.

Sincerely,

/s/ Jamie H. McDole

Jamie H. McDole